UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OTIS CLIFTON,

                Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                   16-CV-1753 (RRM) (CLP)
         -against-

HRA NYC GOVT; OTDA OFFICES;
HRA WORKERS,

                Defendants.
-----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

       On April 8, 2016, *pro se* plaintiff Otis Clifton filed the instant action against defendants the New York City Human Resources Administration, the Office of Temporary Disability Administration ("OTDA"), and "HRA Workers."[1] The Court grants Clifton's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order. For the reasons set forth below, the complaint is dismissed for failure to state a claim upon which relief may be granted and for failure to comply with Federal Rule of Civil Procedure ("Rule") 8. Clifton is granted thirty (30) days leave to submit an amended complaint.

## STANDARD OF REVIEW

       A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the

---

[1] The Court notes that this is the fifth action that Clifton has filed in this Court, four of which name the OTDA as a defendant. *See Clifton v. OTDA*, 13-CV-5315 (RRM) (dismissed without prejudice by order dated April 4, 2014); *Clifton v. OTDA*, 14-CV-1513 (RRM) (dismissed without prejudice by order dated April 4, 2014); *Clifton v. Social Security Admin.*, 14-CV-1514 (RRM) (dismissed with thirty days leave to amend by order dated April 4, 2014; plaintiff failed to submit an amended complaint and judgment was entered against plaintiff July 3, 2014); *Clifton v. OTDA*, 15-CV-6806 (RRM) (dismissed by order dated February 4, 2016).

1

truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 123 (2d Cir. 2010), *aff'd* 133 S. Ct. 1659 (2013) (citing *Iqbal,* 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996).

However, under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis,* if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law, or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I. Sufficiency of the Pleading

#### a. Rule 8

Here, Clifton's complaint fails to conform with the pleading requirements of Rule 8. Clifton's complaint, in its entirety, states: "USDA Defrauded OTDA Compliances Denied

Hacked (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) World War II Veterans JDL @ TDL-Com." (Compl. (Doc. No. 1) at 5.) It is unclear what relief Clifton is seeking.

Pursuant to Rule 8, a plaintiff must provide a short, plain statement of claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 677–78 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Clifton must provide facts sufficient to allow each defendant to have a fair understanding of what Clifton is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). A court may dismiss a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

Clifton's complaint falls far short of giving fair notice of the claim as required under Rule 8(a)(2). Clifton fails to allege any substantive factual allegations in support of any claims of violations of the Constitution or federal statutes. Accordingly, Clifton's complaint is dismissed for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 8(a).

### b. Leave to Amend

In light of the Court's duty to liberally construe *pro se* complaints, Clifton is granted thirty (30) days leave to file an amended complaint. Should Clifton elect to file an amended

complaint he must name as proper defendants those individuals who have some personal involvement in the action he alleges in the amended complaint and provide relevant dates. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). If Clifton wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, identify their place of employment, and to the best of his ability describe each individual and the role he or she played in the alleged deprivation of Clifton's rights. Clifton's amended complaint must set forth the legal basis for his claims and factual allegations in a clear and concise manner in order to support his claim against defendants, and he must state the relief that he is seeking with respect thereto.

The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Clifton fails to amend his complaint within thirty (30) days as directed by this Order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to send Clifton a copy of this Order and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  *Roslynn R. Mauskopf*
      August 8, 2016

                                                _____
                                                ROSLYNN R. MAUSKOPF
                                                United States District Judge