UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
OTIS CLIFTON,

                Plaintiff,

-against-

OTDA; HRA; USDA,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-CV-1753 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

By Memorandum and Order dated August 8, 2016, the Court granted Clifton's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed the complaint for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8. (*See* 8/9/16 Order (Doc. No. 4) at 3.) Clifton was granted thirty (30) days leave to submit an amended complaint. (*Id.*) For the reasons discussed below, Clifton's amended complaint filed on September 1, 2016, is hereby dismissed and the case is closed.

## BACKGROUND

The following facts are drawn from Clifton's complaint and the exhibits attached thereto, which are assumed to be true for purposes of this Memorandum and Order. Clifton's amended complaint is far from a model of clarity. As best as can be ascertained, Clifton is challenging the denial of certain public assistance benefits. Although Clifton's amended complaint fails to state which benefits he was allegedly denied, his amended complaint alludes to difficulties in obtaining housing. (Compl. (Doc. No. 1) at 5, 7.)[1] Clifton annexes to his amended complaint a notice of a fair hearing which took place at the Office of Temporary and Disability Assistance ("OTDA") on September 1, 2016, as well as a Fair Hearing Compliance Statement which

---

[1] For ease of reference, all citations to Court documents utilize ECF pagination.

1

indicates that, following the fair hearing, his cash assistance benefits remain unchanged. (Compl. at 10, 13.) The Court notes that Clifton's amended complaint is substantially similar to a recent action that Clifton filed. *See Clifton v. DOI*, 16-CV-5003 (RRM). It is unclear what relief Clifton is seeking from the Court.

## STANDARD OF REVIEW

An amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (internal quotation marks omitted).

The Court is required to dismiss an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

### I. Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell Atl. Corp*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial'" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). A court may dismiss a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Although Clifton's amended complaint indicates that he is bringing the action pursuant to the Court's federal question jurisdiction, (Compl. at 4), as presently pled, his allegations fail to present a question sufficient to invoke such jurisdiction. Clifton fails to allege any facts sufficient to suggest a violation of federal law or his constitutional rights.

In New York City, the public assistance programs are administered by the Human Resources Administration ("HRA") under delegated authority from OTDA. *M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 405–06 (S.D.N.Y. 2006); *Roberson v. Giuliani*, No. 99-CV-10900 (DLC), 2000 WL 760300, at *2 (S.D.N.Y. June 12, 2000). To the extent that Clifton

claims that his benefits have been incorrectly determined and, thus, seeks to challenge the outcome of his fair hearing decision, he must do so by bringing a proceeding in state court under Article 78 of the New York Civil Practice Law and Rules. *See Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001) ("An Article 78 proceeding permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims."); *Campo v. N.Y.C. Emps.' Ret. Sys.*, 843 F.2d 96, 101 (2d Cir. 1988) ("Article 78 of the New York Civil Practice Law and Rules provides a summary proceeding which can be used to review administrative decisions."); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *4–5 (S.D.N.Y. Dec. 1, 2004) ("Article 78 is routinely the venue in which adverse food stamps determinations are challenged, often successfully.").

Clifton fails to allege any substantive factual allegations in support of any claims of violations of the Constitution or federal statutes. Accordingly, his claims are dismissed.

## II. Leave to Amend

The Second Circuit has held that a *pro se* litigant should be afforded at least one opportunity to "amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam). Clifton has already been given an opportunity to amend his complaint. Though mindful of Clifton's *pro se* status, the Court finds that any further attempt to amend the complaint would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the Court declines to grant Clifton leave to file a second amended complaint.

## CONCLUSION

Clifton's amended complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 8(a).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order along with the Judgment to Clifton, note the mailing on the docket, enter judgment, and close this case.

SO ORDERED.

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
March 8 2017